Defendant, Kristopher W. Dickey, appeals from his conviction and sentence for Driving While Under the Influence of Alcohol, R.C. 4511.19, which was entered on Dickey's plea of no contest after the trial court denied his motion to suppress evidence.
On September 5, 1998, at approximately 1:47 a.m., Versailles Police Officer Cory Rismiller was stationed in his parked police cruiser near an intersection in Versailles where a Conrail railroad track intersects two public streets. Officer Rismiller knew from monitoring Conrail radio frequencies that a train was scheduled to pass through the intersection at about that time. His particular purpose was to detect any failures on the part of motorists to obey the traffic control devices installed there which signal the approach of an oncoming train, in view of a number of recent fatalities in car-train collisions.
The flashing light signals and bells installed at the intersection commenced operation, signaling the train's approach. From his vantage point, Officer Rismiller was unable to see where the train then was. However, he observed a vehicle approach the intersection while the signals were in operation, then stop, and then proceed through while the signals were yet operating. The train passed through the intersection shortly after.
Officer Rismiller stopped the vehicle, which was driven by Defendant Dickey. Dickey's girlfriend, Michelle Magoteaux, was a passenger. Upon speaking with Dickey, Officer Rismiller smelled the odor of alcohol about him and asked Dickey to submit to field sobriety tests. Dickey's performance caused Officer Rismiller to conclude that Dickey was under the influence of alcohol, and he arrested Dickey on a charge of DUI and for failing to obey the signals at the crossing. A subsequent breath test revealed the alcohol content of Dickey's blood to be 0.136% by weight.
Dickey moved to suppress any and all evidence yielded by his arrest, including the results of the breath test. In support of his motion, Dickey argued that Officer Rismiller's stop of his vehicle was pretextual. The trial court rejected the argument and denied the motion, holding that Officer Rismiller had probable cause to stop Dickey's vehicle upon an observed violation of R.C.4511.62, which prohibits proceeding through a railroad grade crossing while signals indicate the immediate approach of a train. Dickey then changed his plea from not guilty to no contest, and on that plea was convicted and sentenced pursuant to law.
Dickey filed a timely notice of appeal. He now presents two assignments of error for review.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT DRIVING THROUGH A RAILROAD GRADE CROSSING WHEN THE SIGNAL LIGHTS ARE ACTIVATED CONSTITUTES PROBABLE CAUSE FOR A TRAFFIC STOP, THEREBY DENYING APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14 OF THE OHIO CONSTITUTION.
The Fourth Amendment protects people against unreasonable searches and seizures. Warrantless searches and seizures are perse unreasonable. Katz v. United States (1967), 389 U.S. 347. Therefore, they are illegal and any evidence they yield is subject to suppression, subject only to a few recognized exceptions. Id.
A search and seizure performed incident to an arrest is one of the recognized exceptions to the warrant requirement. Draper v.United States (1958), 358 U.S. 307. An officer may perform such an arrest, and a search incident to it, when he has probable cause to believe that a violation of law has occurred. R.C. 2935.04. Probable cause exists when a reasonably prudent person would believe that the person to be arrested has committed a crime.State v. Timson (1974), 38 Ohio St.2d 122. State v. George
(1989), 45 Ohio St.3d 325.
Another exception to the warrant requirement is the "reasonable and articulable suspicion" of criminal activity rule announced in Terry v. Ohio (1968), 392 U.S. 1. An officer may act on that cause to effect a seizure of the person who is suspected by way of a brief, investigative detention. Id. The officer may not employ the detention to search the suspect's person or his property for evidence of the suspected crime, but he may search for a weapon that he reasonably suspects may be used to harm him or others nearby. Id.
Experienced officers often develop an intuitive sense that a crime has occurred or is about to occur. However, Terry does not permit an investigative detention based on a mere "inarticulate hunch." The articulable suspicion rule requires facts and circumstances which objectively demonstrate the basis for the suspicion involved, no matter how sensible the basis to suspect it may otherwise appear to the officer involved.
The stop of a moving vehicle by law enforcement officers constitutes a seizure for Fourth Amendment purposes. UnitedStates v. Brignoni-Ponce (1975), 422 U.S. 873. Therefore, absent a warrant, any evidence of a violation of law which the seizure or any related search yields is subject to suppression upon the motion of the accused, unless the state demonstrates an exception to the warrant requirement pertaining to the threshold stop itself.
An officer who acts on an exception to the warrant requirement pertaining to one violation of law to investigate the existence of a different violation may be said to have acted on a pretext. However, the officer's ulterior motive does not render a resulting detention illegal. So long as the exception on which he acts is demonstrated by the facts and circumstances the detention is reasonable, and any evidence relating to the other object of his motivation which the detention also yields is not subject to suppression, notwithstanding the lack of any basis in law to perform a seizure for that other purpose. Whren v. United States
(1996), 517 U.S. 806.
The rule of Whren has been applied to traffic stops. When an officer has probable cause of a violation of the traffic code he may stop a motorist for that violation, and any evidence of another violation of law which the detention yields is not subject to suppression, notwithstanding the lack of any exception to the warrant requirement permitting the officer to detain the motorist for that other purpose or that it was likewise a purpose of the stop that the officer performed. Dayton v. Erickson (1996),76 Ohio St.3d 347.
The trial court rejected Defendant Dickey's pretextual stop claim, holding that the facts and circumstances which Officer Rismiller observed presented probable cause of a violation of R.C.4511.62, permitting him to stop Dickey to cite him for that violation. Dickey argues that Officer Rismiller lacked that probable cause.
Division (A)(1)(a) of R.C. 4511.62 requires persons who are driving a vehicle that approaches a railroad grade crossing at which "[a] clearly visible electric or mechanical signal device gives warning of the immediate approach of a train" to stop no less than fifty feet away. Division (2) provides that no such person shall proceed through the crossing as long as the circumstances in (A)(1)(a) exist.
A violation of R.C. 4511.62(A)(1)(a) requires proof of three elements. First, the State must prove that an electric or mechanical signal device at the crossing signaled warning of an oncoming train. Second, the State must prove that the train was then immediately approaching. Third, the State must prove that the offender nevertheless proceeded through the crossing.
The State is not required to prove that the conduct prohibited by R.C. 4511.62 was unsafe; that is presumed by the statute. However, the accused may rebut the presumption by offering evidence which shows that when he proceeded through the crossing a train was not immediately approaching, the operating signal notwithstanding. If the accused proves that proposition by a preponderance of the evidence, the accused must be acquitted.
It is undisputed that the lights and warning bells at the railroad crossing were operating to indicate the approach of a train when Defendant Dickey's vehicle approached, stopped, and then proceeded through. Dickey contended, however, that when he did so the train was not immediately approaching the crossing, as R.C. 4511.62(A)(1)(a) requires.
At the hearing on his motion to suppress, Defendant Dickey's passenger, Michelle Magoteaux, testified that when Dickey's vehicle came to a stop at the crossing she saw the headlights of the oncoming train and concluded that it was "at least half a mile" away. (T. 53). On that basis, she advised Dickey that it was safe to proceed through the crossing, which he did. Officer Rismiller testified that he could not see the train's approach from his vantage point, but that after Dickey drove through the crossing "approximately ten to fifteen seconds went by before the train went through." (T. 25).
Dickey argues that the trial court erred when it rejected his claim that it was safe for him to pass through the crossing because the only evidence before the court indicated that the train was not immediately approaching the crossing when he drove through it. Therefore, according to Dickey, Officer Rismiller lacked probable cause of an R.C. 4511.62 violation, and the evidence pertaining to the DUI charge that was yielded by the resulting stop must be suppressed. We do not agree.
The testimony of Dickey's passenger was direct evidence of the train's location and approach. However, Officer Rismiller's testimony that the train passed through ten to fifteen seconds after Dickey did is circumstantial evidence from which the court could reasonably infer that the train was then much closer and, more importantly, that its approach was "immediate." The court's written decision indicates that it relied on Officer Rismiller's testimony to make that finding. By implication, the court rejected the passenger's testimony, which he court was entitled to do.
Circumstantial evidence and direct evidence inherently possess the same probative value and should therefore be subjected to the same standard of proof. State v. Jenks (1991), 61 Ohio St.3d 259. Therefore, the trial court could properly find, based on the evidence that Officer Rismiller presented, and absent any direct evidence, that the approach of the train was immediate for purposes of R.C. 4511.62(A)(1)(e) when Defendant Dickey proceeded through the crossing. Because his observation of those facts and circumstances gave Officer Rismiller probable cause of a violation of law, he was authorized to perform a warrantless stop of Dickey's vehicle. The other facts concerning Dickey's intoxication that the officer learned thereafter were not subject to suppression, and the trial court was correct when it denied his motion for that relief.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 IF THE TRIAL COURT IS CORRECT IN ITS INTERPRETATION OF § 4511.62 OF THE OHIO REVISED CODE, THEN SAID SECTION IS UNCONSTITUTIONALLY VAGUE.
Dickey argues that if the facts in this case constitute a violation of R.C. 4511.62, then that statute is unconstitutionally vague. Dickey assumes, erroneously, that the trial court found a violation of R.C. 4511.62 occurred solely because Dickey crossed the railroad tracks while the red warning lights were flashing. On the contrary, the court also found that a train was immediately approaching.
Dickey has failed to provide this court with any authority in support of his vagueness argument. More importantly, a review of the record before us reveals that Dickey failed to raise this claim of constitutional error in the trial court. Accordingly, we decline to consider this issue for the first time on appeal.State v. Awan (1986), 22 Ohio St.3d 120; State v. Petrusch
(November 15, 1995), Montgomery App. No. 14983, unreported.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Jesse J. Green, Esq.
Eric H. Brand, Esq.
Hon. Gene R. Hoellrich